```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


J.W. RAYDER,                    )
                                )
     Plaintiff,                 )
                                )
          v.                    )     1:05cv1251 (JCC)
                                )
AHTNA GOVERNMENTAL              )
SERVICES CORP.,                 )
                                )
     Defendant.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion for Temporary Stay or, in the alternative, to Dismiss. For the reasons stated below, the Court will grant Defendant's Motion for a temporary stay.

**I. Background**

Plaintiff Capitol Resource Funding ("CRF"), a Virginia corporation, is in the business of factoring or accounts receivable financing. Defendant AHTNA Governmental Services Corporation ("AGSC"), an Alaska corporation, is in the business of government contracting. AGSC entered into a subcontract agreement with Management Assistance Concepts Corporation ("MACC"), a California corporation, to fulfill a Social Security contract. During the time period of this Social Security contract, MACC borrowed money from CRF and gave CRF an assignment of its right to the portion of the proceeds under the contract.

-1-

On October 2, 2001, CRF sent AGSC a certified letter noting that all payments due on MACC invoices were to be sent to CRF. This assignment was acknowledged and accepted by AGSC on October 26, 2001. Subsequently, AGSC made payments to CRF, and CRF alleges some payments were erroneously made directly to MACC.

In January 2004, AGSC and MACC terminated their relationship. On March 17, 2004, CRF informed AGSC that it had not received some of the money to which it was entitled under the contract and demanded payment on the outstanding invoices. On May 14, 2004, AGSC informed CRF that some payments were made directly to MACC. According to AGSC, this was the first notification of such payments.

On May 17, 2004, AGSC filed an action for declaratory relief in Alaska state court. CRF was not initially served in this matter. AGSC asserts that it was because AGSC and CRF continued to discuss and work through the payment and accounting issues relating to the MACC assignment and the subsequent involuntary bankruptcy petition that AGSC chose not to serve the summons and complaint on CRF.

An involuntary Chapter 7 liquidation petition was filed for CRF in Alexandria, Virginia on August 26, 2004. AGSC did not receive notice of the bankruptcy and did not appear in the matter. J.W. Rayder was appointed the Plan Trustee of the CRF Liquidation Trust. On October 18, 2005, Rayder filed an action

against AGSC for breach of contract.  Rayder was served with a summons and complaint in the Alaska state court matter in December 2005, after the filing of the Virginia matter.

On January 10, 2006, AGSC filed in this Court a Motion for a Temporary Stay or, in the alternative, to Dismiss.  On January 11, 2006, CRF removed the matter in Alaska to the United States District Court for the District of Alaska.  CRF simultaneously filed in the United States District Court for the District of Alaska a Motion to Dismiss for lack of personal jurisdiction or, in the alternative, a stay pending resolution of the Virginia federal action.  The January 10, 2006 Motion for a Temporary Stay or, in the alternative, to Dismiss is currently before the Court.

## II. Analysis

Both parties recognize that the matter in the United States District Court for the District of Alaska and the matter in the present case in this Court are substantially similar.  The question then is how this Court should proceed given the parallel litigation.  AGSC contends that the "first-to-file" rule governs this situation.  CRF, on the other hand, asserts that applying this rule to the instant matter is inappropriate because CRF asserts that the declaratory judgment was filed as part of an improper effort to forum shop.

The Fourth Circuit has embraced the first-to-file rule, which instructs that if a Court is faced with parallel litigation, it should give "priority to the first suit absent showing of a balance of convenience in favor of the second." *Learning Network, Inc. v. Discovery Communs.*, Inc., 11 Fed. Appx. 297, 300-301 (4th Cir. 2001).  For purposes of applying this rule, "[w]hen a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used."  *Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 954 n.10 (E.D. Va. 1998).  Principles of comity and judicial economy justify this first-to-file rule. *Ulmet v. United States*, 888 F.2d 1028, 1031 (4th Cir. 1989).

CRF is quick to note, however, that "the first-filed rule is not to be applied mechanically; for example, courts have declined to defer to the first-filed action when little if anything has been done to advance that action for trial." *Affinity Memory,* 20 F. Supp. 2d at 954.  Accordingly, "a thorough transfer analysis is appropriate to determine if the balance of convenience favors transfer."  *Id.*  CRF specifically highlights that "when a declaratory judgment suit is filed simply in anticipation of another parallel suit, courts have often dismissed the first suit as an improper effort to 'forum-shop.'" *Hop-In Food Stores, Inc. v. S & D Coffee, Inc.*, 642 F. Supp. 1106, 1107 (W.D. Va. 1986).

CRF points to *Yoder v. Heinhold*, 630 F. Supp. 756 (E.D. Va. 1986), to support its argument. In *Yoder*, this Court decided not to transfer, stay, or dismiss an action where the defendant filed a declaratory judgment action in another forum in "apparent anticipation of a suit" in Virginia. *Id*. at 760. The decision relied on the fact that the plaintiff issued a demand letter to the defendant in which legal action was threatened, and the defendant commenced an action for declaratory relief in Illinois four days after receipt of the demand. The Court in *Yoder* did not rely on that fact alone, however. The Court also considered the relative convenience of the forums, the inclusion of all relative parties, and the relative progress of the suits. *Id.* at 761. In brief, the *Yoder* court considered "concerns of fairness and 'wise judicial administration'" to reach its decision, not merely one factor. *Id.* at 762 (quoting *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment*, 342 U.S. 180, 183 (1951)).

Unlike the court in *Yoder*, this Court cannot assert that there is "little doubt" that the declaratory judgment action was filed in anticipation of the plaintiff bringing suit in the this Court. *Id*. at 761. In the *Yoder* case, the plaintiff filed a judgment for declaratory relief merely four days after receiving a demand for payment; in this case, the Alaska action was filed over two months after CRF made its initial demand. Further, there is no indication that AGSC was intending to avoid

-5-

the jurisdiction of the Eastern District of Virginia.  Indeed, this forum was unpredictable at the time of the Alaska filing.

Moreover, the totality of the case and the balance of convenience warrant temporarily staying this matter until the United States District Court for the District of Alaska makes its determination on jurisdiction.  Alaska law will most likely govern the dispute.  AGSC is an Alaska corporation, located in Alaska.  CRF is a national enterprise, which chose not to litigate this matter in its own bankruptcy matter.  Even though the Alaska matter is at this stage merely a declaratory action, this Court has little doubt that CRF can easily recover with additional filings in the Alaska court.  While the Alaskan matter is not significantly advanced, neither is the matter in this Court beyond the beginning stages of litigation.  Finally, and most importantly, this dispute was first filed in Alaska.  While acknowledging that the first-to-file rule is not to be applied mechanically, there are no compelling circumstances to depart from it in this case.

**III. Conclusion**

For the reasons stated above, the Court will grant Defendant's Motion to temporarily stay this case until the United States District Court for the District Court of Alaska decides the jurisdictional matter currently before it.  An appropriate Order will issue.


February _13_, 2006                     _____/s/_____
Alexandria, Virginia                            James C. Cacheris
                                        UNITED STATES DISTRICT COURT JUDGE